1  Miles D. Grant (89766)
   Grant & Zeko, APC
2  501 W. Broadway #2001
   San Diego, California 92101-3555
3  Telephone: 619-233-7078
   Facsimile: 619-233-7036
4
5  Gregory F. Ahrens
   Brett A. Schatz
6  Wood, Herron & Evans, L.L.P.
   441 Vine Street, 2700 Carew Tower
7  Cincinnati, Ohio 45202
   Telephone: 513-241-2324
8  Facsimile: 513-421-7269
9
   Attorneys for Plaintiff
10 PRESIDIO COMPONENTS, INC.

11              **UNITED STATES DISTRICT COURT**
                **FOR THE SOUTHERN DISTRICT OF CALIFORNIA**
12
13 PRESIDIO COMPONENTS, INC.,           )   Case No. 3:08-cv-00335-IEG-NLS
                                        )
14                      Plaintiff,      )   **PLAINTIFF'S REPLY**
                                        )   **TO DEFENDANT'S**
15      v.                              )   **COUNTERCLAIM**
                                        )
16 AMERICAN TECHNICAL CERAMICS CORP.,   )
                                        )
17                      Defendant.      )
                                        )
18                                      )
   AND RELATED ACTIONS                  )
19

20         Plaintiff, Presidio Components, Inc. ("Presidio"), by and through its

21 counsel, herein replies to the numbered paragraphs of Defendant American

22
23 Technical Ceramics Corp.'s ("ATC") Counterclaim ("Counterclaim"):
24
25
26
27
28

Plaintiff's Reply to Defendant's Counterclaim
3:08-cv-00335 IEG NLS                    1

29. Presidio admits the allegations of Paragraph 29 of the Counterclaim.

30. Presidio admits the allegations of Paragraph 30 of the Counterclaim.

31. Presidio admits the allegations of Paragraph 31 of the Counterclaim.

32. Presidio admits the allegations of Paragraph 32 of the Counterclaim.

33. In response to the allegations of Paragraph 33 of the Counterclaim, Presidio admits that it commenced an action for patent infringement on or about May 17, 2007. Presidio denies the remaining allegations of Paragraph 33 of the Counterclaim and further states that the Complaint filed in this action and the Complaint filed on or about May 17, 2007 speak for themselves.

34. In response to the allegations of Paragraph 34 of the Counterclaim, Presidio lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 34 of the Counterclaim and, therefore, denies such allegations.

35. Denied.

36. In response to the allegations of Paragraph 36 of the Counterclaim, Presidio admits only that it alleged in its May 17, 2007 Complaint that it was the owner of the '356 patent, and that ATC questioned Presidio's

standing in its Answer.  Presidio denies the remaining allegations of Paragraph 36 of the Counterclaim.

37.    In response to the allegations of Paragraph 37 of the Counterclaim, Presidio admits only that the named inventors of the '356 patent executed a written assignment that is attached as Exhibit B to the Counterclaim, and that it did not inform the Court or ATC of the assignment until May 8, 2008.  Presidio denies the remaining allegations of Paragraph 37 of the Counterclaim.

38.    Presidio admits the allegations of Paragraph 38 of the Counterclaim

**COUNT I**

39.    Presidio incorporates its answers to Paragraphs 29-38 as though fully set forth herein.  Further, because Paragraph 39 of the Counterclaim incorporates Paragraphs 18-28 of the Answer, Presidio responds herein to Paragraphs 18-28 as follows:

> 18.    Presidio admits the allegations of Paragraph 18 of the Counterclaim.
>
> 19.    Presidio admits that an Information Disclosure Statement was filed with the United States Patent and Trademark Office on July 23, 2002 in United States Application No. 10/150,202 stating: that Presidio was contacted by

representatives of JDS Uniphase ("JDS"); that the JDS representatives sought an improved broadband capacitor, to be used in a combination such as that shown in Figs. 8A and 8B of United States Application No. 10/150,202; that the inventors proposed an alternative approach, centered around the experimental development of an integrated device, including what were expected to be independent multi-layer and single-layer capacitors; that JDS agreed; that JDS agreed to pay a non recoverable engineering charge of $1500.00 each, for two batches of 100 experimental capacitors in different sizes; that these experimental capacitors were shipped to JDS; and, that Presidio did not have any significant test results at the time the capacitors were shipped.  Presidio denies the remaining allegations of Paragraph 19 of the Counterclaim.

20. Presidio denies the allegations of Paragraph 20 of the Counterclaim.

21. Presidio denies the allegations of Paragraph 21 of the Counterclaim.

22. Presidio admits that the Information Disclosure Statement filed with the United States Patent and Trademark Office on July 23, 2002 in United States Application No. 10/150,202 states that on May 17, 2001, JDS did state a belief that the sampled capacitors performed better than their existing solutions.  Presidio further admits that activity transpired between Presidio and JDS.  Presidio denies the remaining allegations of Paragraph 22 of the Counterclaim.

23. Presidio admits that in an Amendment and Response filed on January 23, 2003, it was stated that the capacitor of Monsorno has an equivalent circuit that is represented by the capacitors 67, 69 in Fig. 9B.  Presidio denies the remaining allegations of Paragraph 23 of the Counterclaim.

24. Presidio denies the allegations of Paragraph 24 of the Counterclaim.

25. Presidio denies the allegations of Paragraph 25 of the Counterclaim.

26. Presidio denies the allegations of Paragraph 26 of the Counterclaim.

27. Presidio denies the allegations of Paragraph 27 of the Counterclaim.

28. Presidio denies the allegations of Paragraph 28 of the Counterclaim.

40. Presidio denies the allegations of Paragraph 40 of the Counterclaim.

41. In response to the allegations of Paragraph 41 of the Counterclaim, Presidio admits only that a copy of Presidio's Supplemental Disclosure of Asserted Claims and Preliminary Infringement Contentions RE: U.S. Patent No. 6,816,356 is attached to the Counterclaim. Presidio further states that Presidio's Supplemental Disclosure of Asserted Claims and Preliminary Infringement Contentions RE: U.S. Patent No. 6,816,356 speaks for itself.

42. Presidio lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 42 of the Counterclaim and, therefore, denies such allegations.

43. Presidio denies the allegations of Paragraph 43 of the Counterclaim.

44. Presidio denies the allegations of Paragraph 44 of the Counterclaim.

45. Presidio denies the allegations of Paragraph 45 of the Counterclaim.

46. Presidio denies the allegations of Paragraph 46 of the Counterclaim.

## COUNT II

47. Presidio incorporates its answers to Paragraphs 29-46 as though fully set forth herein.

48. Presidio denies the allegations of Paragraph 48 of the Counterclaim.

49. Presidio denies the allegations of Paragraph 49 of the Counterclaim.

50. Presidio denies the allegations of Paragraph 50 of the Counterclaim.

51. Presidio denies the allegations of Paragraph 51 of the Counterclaim.

## COUNT III

52. Presidio incorporates its answers to Paragraphs 29-51 as though fully set forth herein.

53. Presidio denies the allegations of Paragraph 53 of the Counterclaim.

54. Presidio denies the allegations of Paragraph 54 of the Counterclaim.

55. Presidio denies the allegations of Paragraph 55 of the Counterclaim.

56. Presidio denies the allegations of Paragraph 56 of the Counterclaim.

## COUNT IV

57. Presidio incorporates its answers to Paragraphs 29-56 as though fully set forth herein.

58. Presidio lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 58 of the Counterclaim, and therefore, denies such allegations.

59. Denied.

60. Presidio lacks sufficient knowledge or information to form a belief as to the truth of the allegation in Paragraph 60 of the Counterclaim that "ATC's 545L capacitor has been, and continues to be, highly regarded by consumers in the electronic components industry due in part to the fact that it is orientation insensitive and suffers less insertion loss over a larger operable frequency," and, therefore, denies same. Presidio denies the remaining allegations of Paragraph 60 of the Counterclaim.

Presidio denies the allegations of Paragraph 61 of the Counterclaim.

62. Presidio admits the allegations of Paragraph 62 of the Counterclaim.

63. Presidio denies the allegations of Paragraph 63 of the Counterclaim.

64. Presidio denies the allegations of Paragraph 64 of the Counterclaim.

65. Presidio denies the allegations of Paragraph 65 of the Counterclaim.

**COUNT V**

66. Presidio incorporates its answers to Paragraphs 29-65 as though fully set forth herein.

67. In response to the allegations of Paragraph 67 of the Counterclaim, Presidio admits only that a copy of Presidio's Supplemental Disclosure of Asserted Claims and Preliminary Infringement Contentions RE: U.S. Patent No. 6,816,356 is attached to the Counterclaim. Presidio further states that Presidio's Supplemental Disclosure of Asserted Claims and Preliminary Infringement Contentions RE: U.S. Patent No. 6,816,356 speaks for itself.

Plaintiff's Reply to Defendant's Counterclaim
3:08-cv-00335 IEG NLS              9

68. Presidio lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 68 of the Counterclaim and, therefore, denies such allegations.

69. In response to the allegations of Paragraph 69 of the Counterclaim, Presidio admits only that a copy of Presidio's advertising is attached to the Counterclaim as Exhibits E and F, and that United States Patent No. 6,816,356 appears thereon. Presidio denies the remaining allegations of Paragraph 69 of the Counterclaim

70. Presidio lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 70 of the Counterclaim and, therefore, denies such allegations.

71. Presidio lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 71 of the Counterclaim and, therefore, denies such allegations.

72. Presidio denies the allegations of Paragraph 72 of the Counterclaim.

**FIRST AFFIRMATIVE DEFENSE**

73. Justification.

**SECOND AFFIRMATIVE DEFENSE**

74. Estoppel.

WHEREFORE, Plaintiff, Presidio Components, Inc. prays:

a. Defendant American Technical Ceramics Corp.'s Counterclaim be dismissed with prejudice and that judgment be entered for Presidio;

b. Presidio be awarded its costs and attorneys fees in defending against Defendant American Technical Ceramics Corp.'s Counterclaim;

c. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

PRESIDIO COMPONENTS, INC.

Dated:  June 20, 2008           /Gregory F.  Ahrens/
Miles D. Grant
Grant & Zeko, APC
1331 India Street
San Diego, CA 92101
(619) 233-7080 (Telephone)
(619) 233-7036 (Facsimile)
mgrant@grantandzeko.com
State Bar Number 89766

Gregory F. Ahrens, Esq.
gahrens@whepatent.com
Brett A. Schatz, Esq.
bschatz@whepaent.com
WOOD, HERRON & EVANS, L.L.P.
441 Vine Street, 2700 Carew Tower
Cincinnati, Ohio 45202-2917
(513) 241-2324 (Telephone)
(513) 241-6234 (Facsimile)

Attorneys for Plaintiff
Presidio Components, Inc.

# **CERTIFICATE OF SERVICE**

I, the undersigned, certify and declare that I am over the age of 18 years, employed in the County of Hamilton, State of Ohio, and am not a party to the above-entitled action.

On June 20, 2008, I caused a copy of the following document(s):

**PLAINTIFF'S REPLY TO DEFENDANT'S COUNTERCLAIM**

by electronically filing the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Daniel T. Pascucci<br>Nathan R. Hamler<br>MINTZ, LEVIN, COHN, FERRIS,<br> GLOVSKY AND POPEO, P.C.<br>9255 Towne Centre Drive, Suite 600<br>San Diego, California 92121 | Marvin S. Gittes<br>Richard M. Lehrer<br>Timur E. Slonim<br>MINTZ, LEVIN, COHN, FERRIS,<br>GLOVSKY AND POPEO, P.C.<br>666 Third Avenue<br>New York, NY  10017 |

Attorneys for Defendant AMERICAN TECHNICAL CERAMICS CORP.

[X]    (**BY MAIL AND EMAIL**) The envelope was mailed with postage thereon fully prepaid.  As follows:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Cincinnati, Ohio in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on June 20, 2008, at Cincinnati, Ohio.

                                                              s/Gregory F. Ahrens
                                                              Gregory F. Ahrens