1
2
3
4
5
6
7
8                     **UNITED STATES DISTRICT COURT**

9                  **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   PRESIDIO COMPONENTS, INC.,            )   Civil No. 08cv335 IEG (NLS)
                                           )
                         Plaintiff,        )   **ORDER GRANTING IN PART AND**
12   v.                                    )   **DENYING IN PART AMERICAN**
                                           )   **TECHNICAL CERAMICS**
13   AMERICAN TECHNICAL CERAMICS           )   **CORPORATION'S  MOTION FOR**
     CORPORATION,                          )   **LEAVE OF COURT TO ALLOW**
14                                         )   **DEPOSITIONS OF PRESIDIO'S**
                         Defendant.        )   **EXPERT WITNESSES**
15   _____        )
                                           )   [Doc. No. 70]
16   AMERICAN TECHNICAL CERAMICS           )
     CORPORATION,                          )
17                                         )
                         Counterclaimant,  )
18   v.                                    )
                                           )
19    PRESIDIO COMPONENTS, INC.,           )
                                           )
20                       Counterdefendants.)
     _____        )
21

22

23   **I.      INTRODUCTION**

24           This is a patent infringement case involving U.S. Patent No. 6,816,356 ("The '356 patent").

25   Presidio Components, Inc. ("Presidio") filed suit against American Technical Ceramics Corporation

26   ("ATC") alleging infringement of the '356 patent.  [Doc. No. 1 at ¶ 10.]  ATC filed a counterclaim

27   alleging, inter alia, tortious interference with contractual relations.  [Doc. No. 10 at pp. 11-12.]

28

1    Defendant/Counterclaimant ATC filed a Motion for Leave of Court to Allow Depositions of four

2 expert witnesses designated by Plaintiff/Counterdefendant Presidio.  [Doc. No. 70.]  Because ATC has

3 already taken more than ten (10) depositions in this case, Rule 30 requires ATC to obtain permission

4 from either Presidio or the Court to take any additional depositions.  Fed. R. Civ. P. 30(a)(2)(A)(i).  In

5 addition to seeking leave to take the expert depositions, ATC also requests that the expert discovery

6 deadline and deadline for filing summary judgment motions be extended in order for ATC to take the

7 requested depositions and prepare summary judgment motions after hearing the experts' testimony.[1]  *Id.*

8 at 1.  Finally, one of the expert depositions that ATC seeks leave to take would be a second deposition

9 of Dr. Ewell.  Presidio opposes ATC's motion.  [Doc. No. 72.]

10   **II.    RELEVANT FACTS**

11    The original scheduling order applicable to this case was filed September 20, 2007.[2]  [*See* Case

12 No. 07cv893-IEG, Doc. No. 22.]  On June 2, 2008, the parties filed a Joint Motion to Amend the

13 Scheduling Order to extend all remaining deadlines in the case for thirty days.  [Doc. No. 13.]  On June

14 3, 2008, the Court issued a Scheduling Order Regulating Discovery and Other Pretrial Proceedings in

15 this case.  [Doc. No. 14.]  On September 26, 2008, the parties filed a Joint Motion for Extension of Time

16 to Complete Discovery and to Amend the Scheduling Order, asking to extend remaining deadlines for a

17 period of seven weeks.  [Doc. No. 35.]  On October 1, 2008, the Court granted the joint motion and

18 issued a First Amended Scheduling Order.  [Doc. No. 37.]  Then, on December 16, 2008—after the

19 conclusion of fact discovery—the parties filed a third joint motion, this time asking that the Court again

20 modify the scheduling order and extend pretrial discovery deadlines so that they could complete expert

21 discovery.  [Doc. No. 64.]  The Court granted the motion and extended the deadline for submitting

22 expert reports until January 23, 2009, the deadline for submitting supplemental expert reports until

23 February 16, 2009, and the expert discovery cutoff until March 9, 2009.  [Doc. No. 65.]  On February

24 20, 2009, ATC filed this motion for leave to depose four of Presidio's expert witnesses.  [Doc. No. 70.]

---

26    [1]ATC filed its Motion for Summary Judgment on March 16, 2009 [Doc. No. 77].  The request to
27 extend the summary judgment motion deadline is denied as moot.

28    [2]After a Claims Construction hearing and Order Construing Claims, the parties jointly moved to
dismiss the first filed case and agreed that all proceedings in that case should apply in this second filed
case.  The court entered an order to that effect.  [Case No. 07cv893-IEG, Doc. No. 66.]

1    To date, ATC has taken one expert deposition (Dr. Godshalk) on claim construction issues,

2    which pursuant to Patent L.R. 4.3 does not count against the presumptive ten deposition limit set by

3    Rule 30(a)(2)(A)(i), and eleven other depositions.  *See* Fed. R. Civ. P. 30(a)(2)(A)(i), Mem Ps&As at 5.

4    Presidio, on the other hand, has taken at most eight depositions, including experts, and argues that it

5    purposely "tailored its discovery strategy" to ensure that it would not exceed the presumptive ten

6    deposition limit.  Opp'n at 5.

7    ATC seeks the Court's permission to depose the following four expert witnesses designated by

8    Presidio: (1) Dr. Wayne Huebner, technical expert; (2) Dr. Gary Ewell, technical expert; (3) Mr. Glenn

9    Newman, damages expert; and (4) Mr. Richard Killworth, Esq., patent prosecution practice and

10   procedure expert.  Memo Ps&As at 2.  ATC, likewise, has designated a damages expert, a patent

11   prosecution and procedure expert, and a technical expert.  *Id.*  Presidio elected to forego the deposition

12   of one of ATC's three experts so that it would not run afoul of the ten deposition limit.  Opp'n at 5, n. 3.

13   **III.    LEGAL STANDARDS**

14   Federal Rule of Civil Procedure 26 governs the scope and limits of all discovery and is

15   particularly instructive as to how parties should plan for discovery.  *See* Fed. R. Civ. P. 26(a)(2),(b),(f).

16   Rule 26 requires the parties to confer and develop a discovery plan "stat[ing] the parties' views and

17   proposals on . . . what changes should be made in the limitations on discovery imposed under these

18   rules . . . ."  Fed. R. Civ. P. 26(f)(3)(E).

19   Rule 30 governs when a party needs permission to take a deposition and provides in relevant

20   part: "A party must obtain leave of court, and the court must grant leave to the extent consistent with

21   Rule 26(b)(2): if the parties have not stipulated to the deposition and. . .the deposition would result in

22   more than 10 depositions being taken under this rule or Rule 31 . . . [or] the deponent has already been

23   deposed in the case . . . ."  Fed. R. Civ. P. 30(a)(2)(A)(i-ii).  The Advisory Committee Note to Rule

24   30(a)(2)(A) guides counsel for the parties to consider enlarging or reducing the number of depositions

25   permitted by Rule 30 at the initial planning meeting and again at scheduling conferences in order to

26   "eliminat[e] the need for special motions" such as the present motion.  Fed. R. Civ. P. 30(a)(2)(A)

27   advisory committee  notes, 1993 Amendments.

28   ///

When considering a motion for leave to take more than ten depositions, the Court must grant leave to the extent consistent with Rule 26(b)(2), which provides pertinent part:

> [T]he court must limit the frequency or extent of use of the discovery methods otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery had ample opportunity to obtain the information by discovery in the action; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(c).

## IV.   DISCUSSION

ATC argues that Patent L.R. 4.3[3] and the Case Management Order in this action exempt expert depositions from the ten deposition limit prescribed by Fed. R. Civ. P. 30.  *See* Memo Ps&As at 5.  In support of its argument, ATC quotes a portion of the Patent Local Rule that provides: "Fed. R. Civ. P. 30 applies to depositions taken pursuant to Patent L.R. 4.3, except as to experts." As Presidio points out, the portion of the Patent Local Rule quoted by ATC must be read in conjunction with the rest of the rule which allows for the further deposition of a claims construction expert "on all substantive issues." *Id.* Thus, as Presidio contends, the Patent Local Rule could be read to provide an exception only to that portion of Federal Rule 30 that precludes a witness from being deposed more than once without leave of court.  *See* Fed. R. Civ. P. 30(a)(2)(A)(ii); Opp'n at 6.  On the other hand,  Patent L.R. 4.3 could be read to exclude expert witnesses from the presumptive ten deposition limit of Rule 30, particularly in light of the complexity of many patent cases and the absence of case law or commentary to Rule 30 itself as to whether expert witnesses are included in the ten deposition limit.  *See* Opp'n at 6-7.[4]  The Court need not decide the issue here.  Rather, it need only follow Rule 30(b)(2)'s directive that leave to take additional depositions be granted to the extent consistent with Rule 26(b)(2).

---

[3]Patent L.R. 4.3 Completion of Claim Construction Discovery:  ". . . Fed. R. Civ. P. 30 applies to depositions taken pursuant to Patent L.R. 4.3, except as to experts.  An expert witness identified in a party's Joint Hearing Statement pursuant to Patent L.R. 4.2.c, may be deposed on claim construction issues.  The identification of an expert witness in the Joint Hearing Statement may be deemed good cause for a further deposition on all substantive issues."  Patent L.R. 4.3.

[4]Expert depositions are governed by Fed. R. Civ. P. 26(b)(4)(A) which provides in pertinent part: "A party may depose any person who has been identified as an expert whose opinions may be presented at trial . . . ."  The ten deposition limit in Rule 30(a)(2)(A)(i), however, is directed to depositions taken under Rule 30 and 31; not depositions of experts taken under Rule 26(b)(4).  Expert depositions may or may not be subsumed in Rule 30(a)(1)'s broad reference to "any person."

08cv335 IEG (NLS)

**Depositions of Dr. Huebner, Mr. Newman, and Mr. Killworth**

ATC argues that the discretionary factors identified in Rule 26(b)(2) support a decision granting it leave to take the depositions of Presidio's four designated expert witnesses.  Memo Ps&As at 6-8.  In support of its argument, ATC claims that: (1) the experts' opinions and the bases for those opinions are not discoverable from any other source; (2) expert discovery only opened on February 17, 2009, therefore, ATC has not had an opportunity to obtain the information it now seeks; and (3) the resolution of this case will turn on the subjects Presidio's experts testify about, thus, without the opportunity to depose these witnesses ATC will be denied its right to a fair trial.  *Id.* at 7-8.

ATC is mistaken that the expert's opinions and bases therefore are not otherwise discoverable. Rule 26(a)(2)(B) requires that each of Presidio's testifying experts prepare and submit a complete and detailed report stating the testimony that they plan to present at trial, as well as the bases for that testimony.  Accordingly, the opinions of these experts should already be known to ATC.  Rule 26(b)(4) does permit depositions of testifying experts after the expert's report is prepared, but the purpose of this rule is to reduce the length of expert depositions, or ideally, entirely eliminate the need to take an expert's deposition.  *See* Fed. R. Civ. P. 26(a)(2) advisory committee notes, 1993 Amendments.

On the other hand, in cases where expert testimony is central to the claims, such as in the present case, expanded discovery of expert trial witnesses often will result in better cross-examination and rebuttal at trial.  *Id.* at 26(b)(4) advisory committee notes, 1993 Amendments.  Depositions of expert witnesses has become standard practice in most courts.  *See* Fed. R. Civ. P. 26(b)(4)(a) advisory committee notes, 1993 Amendments.  Allowing depositions of Dr. Huebner, Mr. Newman, and Mr. Killworth would be neither unreasonably cumulative nor duplicative since ATC has not deposed any of these expert witnesses, and no other experts have testified on the subjects that these experts will testify about.  *See* Fed. R. Civ. P. 26(b)(2).  In addition, Presidio has not offered any evidence that any of the requested depositions would be unreasonably cumulative or duplicative, or could be obtained from a more convenient and less burdensome source.

Though it is true that ATC could not depose Presidio's designated experts before each expert's written report was prepared, ATC is incorrect in its assertion that "expert discovery only opened . . . on February 17, 2009."  Memo Ps&As at 7.  Presidio's initial expert reports on infringement and damages

were due on January 23, 2009.  *See* Amended Scheduling Order [Doc. No. 65].  Accordingly, ATC

could have noticed these depositions in January when the initial expert reports were submitted.

Moreover, when the parties sought the third modification to the scheduling order on December 16, 2008,

ATC had taken ten depositions and was well aware of the anticipated number of expert reports and their

corresponding due dates.  Memo Ps&As at 4, Ex. A.  Thus, it is misleading for ATC to argue the "issue

of expert depositions only became ripe now" and "could not have brought it to the Court's attention

earlier." *Id.* at 4.

 Particularly troubling is ATC's statement that "it saw no need to engage in hypothetical

discussions with Presidio regarding the presumptive 10-deposition limit" until the eve of the case's

discovery deadline. *Id.* at 2.  In fact, such discussions are exactly what the rules governing discovery

anticipate.  Rule 16 states that provisions to modify the number or length of depositions permitted under

the rules should be considered before the initial scheduling order is issued.  *See* Fed. R. Civ. P. 16

advisory committee notes, 1993 Amendments.  In fact, the objective of Rule 30 is to highlight the

obligation of counsel to develop a "mutual cost-effective plan for discovery in the case."  Fed. R. Civ.

P. 30 advisory committee notes, 1993 Amendments.  "Consideration should normally be given at the

planning meeting of the parties under Rule 26(f) and at the time of a scheduling conference under Rule

16(b) as to enlargements or reductions in the number of depositions, eliminating the need for special

motions." *Id.*  ATC, as the party requesting more depositions, should have raised the issue with Presidio

or the Court as soon as it became aware of the strong likelihood that this case would require more than

ten depositions.  However, it is unlikely the depositions would go forward without a court order given

Presidio's view of the ten deposition limit.  Therefore, the Court cannot conclude ATC had ample

opportunity to obtain the information.

 Despite ATC's failure to appropriately plan for and time discovery in this case, when

considering the need for expert discovery in light of the principles articulated in Rule 26(b)(2), the likely

benefit of the requested discovery outweighs the burden or expense of going forward with the

depositions primarily because of the importance of expert testimony in patent cases.  "Rule 26(b)(4) was

designed to permit the parties to prepare adequately for cross-examination prior to trial and to avoid any

surprises or other delays during the trial." *Weekley v. Transcraft, Inc.,* 113 F.R.D. 683, 684 (1987).

1  Furthermore, because the expense of taking these expert depositions is borne by the party seeking

2  discovery—ATC—the burden on Presidio is less critical than ATC's need for the depositions.  *See* Fed.

3  R. Civ. P. 26(b)(4)(C)(i) advisory committee notes, 1993 Amendments.  After fully considering the

4  criteria in Rule 26(b)(2) and the circumstances of the case, permitting a limited number of specified

5  expert depositions is consistent with the principles stated in the rule.

6          **Second Deposition of Dr. Ewell**

7          Rule 30(a)(2)(A)(ii) requires a party to obtain leave of court before deposing a person that has

8  already given a deposition in the case.  Absent a showing of good cause, generally the court will not

9  require a witness to appear for another deposition.  *See Cuthbertson v. Excel Indus., Inc.,* 179 F.R.D.

10  599, 604-605 (D. Kan. 1998) (quoting *Sentry Ins. v. Shivers, et. al.,* 164 F.R.D. 255 (D. Kan. 1996)).

11  ATC is requesting leave to depose Presidio's expert, Dr. Ewell, a second time.  Reply at 6.[5]

12          ATC deposed Dr. Ewell on August 1, 2008, and the main topic of the deposition was the

13  declaration he submitted in opposition to ATC's motion for summary judgment.  Opp'n at 4.  Now ATC

14  wants to depose Dr. Ewell in connection with the rebuttal report he recently submitted regarding validity

15  of the '356 patent.  Memo Ps&As at 1.  ATC argues that it should not be foreclosed from taking Dr.

16  Ewell's deposition a second time because additional depositions of expert witnesses are permitted when

17  a deposition is taken in consideration of a subsequent expert report.  *Id.* at 6.  ATC cites to *Ice Corp. v.*

18  *Hamilton Sundstrand Corp.,* 2007 U.S. District LEXIS 39699 *1, (D. Kan. May 30, 2007), as support

19  for its position.  *Ice Corp.*, however, involved facts quite different to those at issue here.  In *Ice Corp.*,

20  the expert witness submitted his initial report on January 15, 2007, and was deposed April 4, 2007.  *Id.*

21  On April 16, 2007, the expert submitted a supplemental report containing new opinions not stated in the

22  January report and not the subject of questioning at his deposition.  *Id.* at *3-4.  In contrast, Dr. Ewell's

23  rebuttal report addresses the '356 patent—the same subject about which he gave a declaration and

24  deposition previously.  *See* Doc. No. 23, Ex. 4; *see also* Doc. No. 31.[6]

25  ///

26  _____

27          [5]This is not a request by ATC for a "further deposition" of Dr. Ewell pursuant to Patent L.R. 4.3.
   Dr. Ewell was not designated and did not give a deposition as a claims construction expert.

28          [6]ATC has not demonstrated either that it did not, or could not cover the topic of invalidity during
   Dr. Ewell's first deposition.

The other case ATC cites to support its argument, *Express One Int'l, Inc. v. Sochata*, is also inapposite.  In *Express One*, the court granted leave permitting a second deposition because the subject of the first expert deposition was solely jurisdictional.  2001 WL 363073 *1, 3 (N.D. Tex. March 2, 2001).  In contrast, Dr. Ewell's first deposition was about the same substantive issue—the '356 patent—that ATC wants to question him about now.  Memo Ps&As at 1.

In seeking leave from the Court to depose Dr. Ewell again, ATC has not demonstrated that the benefit of subjecting Dr. Ewell to a second deposition would outweigh the burden and expense.  Further, ATC has failed to show it will be prejudiced at trial, having already deposed Dr. Ewell in connection with a summary judgment motion.  Accordingly, ATC's Motion for Leave to allow a second deposition of Dr. Ewell is denied.

**Sanctions**

ATC argues that it should be granted fees and costs for having to bring this motion for leave of court. *Id.* at 9.  While the Court agrees that special motions such as the present one can generally be avoided, Presidio's objection to ATC exceeding the clear limits on depositions as set by the Federal Rule 30 is substantially justified given the ambiguity in the Rules as to whether the ten deposition limit applies to experts.  Moreover, ATC could have raised the issue at any time during the numerous scheduling conferences in this case.  Pursuant to Rule 37 and its requirement that the Court "must not" order sanctions if "the opposing party's . . . objection was substantially justified," ATC's request is denied.  Fed. R. Civ. P. 37(a)(5)(A)(ii).

**IV.    CONCLUSION**

For the foregoing reasons, it is hereby ordered that:

(1) ATC's Motion for Leave to Allow Depositions of Presidio's Experts is **Granted** with respect to Dr. Huebner, Mr. Newman, and Mr. Killworth, Esq.;

(2) ATC must bear the expense of the experts' fees for the preparation for and taking of depositions;

(3) ATC's Motion for Leave to Allow the Deposition of Dr. Ewell is **Denied**; and

///

///

08cv335 IEG (NLS)

1    (4) ATC may take the depositions of Dr. Huebner, Mr. Newman, and Mr. Killworth after the

2  expert discovery deadline.

3    **IT IS SO ORDERED**

4  DATED:  March 25, 2009

5                                                                        _Nita L. Stormes_

6                                                                        Hon. Nita L. Stormes
                                                                         U.S. Magistrate Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

08cv335 IEG (NLS)