**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PRESIDIO COMPONENTS, INC., )<br>             )<br>            Plaintiff,   )<br>v.           )<br>             )<br>AMERICAN TECHNICAL CERAMICS )<br>CORPORATION,    )<br>             )<br>            Defendant.   )<br>_____ )<br>             )<br>AMERICAN TECHNICAL CERAMICS )<br>CORPORATION,    )<br>             )<br>            Counterclaimant, )<br>v.           )<br>             )<br>PRESIDIO COMPONENTS, INC.,  )<br>             )<br>            Counterdefendants. )<br>_____ )| Civil No. 08cv335 IEG (NLS)<br><br>**ORDER DENYING PRESIDIO'S MOTION FOR AN ORDER TO SHOW CAUSE WHY ATC SHOULD NOT BE HELD IN CONTEMPT AS MOOT**<br><br>[Doc. No. 75] |

**I.     INTRODUCTION**

This is a patent infringement case involving U.S. Patent No. 6,816,356 ("The '356 patent"). Presidio Components, Inc. ("Presidio") filed suit against American Technical Ceramics Corporation ("ATC") alleging infringement of the '356 patent. [Doc. No. 1 at ¶ 10.] ATC filed a counterclaim alleging, *inter alia*, tortious interference with contractual relations. [Doc. No. 10 at pp. 11-12.] The basis for ATC's Counterclaim Count Four for interference with contractual relations is that Presidio

issued a News Release on its website announcing that it filed a patent infringement lawsuit against ATC and as a result of this News Release ATC lost business. *Id*.

**Relevant Procedural Background**

Presidio served document requests on ATC, including a request for all documents that refer or relate to all contractual relations between ATC and those entities with whom Presidio allegedly interfered. (Memo Ps&As in Supp. OSC at 3.) Presidio filed a Motion to Compel responses to the discovery. [Doc. No. 60.] On January 23, 2009, the Court issued an Order granting in part and denying in part Presidio's motion to compel. [herein "Order," Doc. No. 69.] ATC was ordered to produce documents responsive to RFP 3 before February 25, 2009. (Order at 4.)

On March 16, 2009, Presidio filed a Motion for an Order to Show Cause Why ATC Should Not Be Held in Contempt (herein "Contempt Motion"). [Doc. No. 75.] Presidio brought its motion based on ATC's alleged failure to comply with the January 23, 2009 Order to produce all responsive documents to Presidio's Requests for Production ("RFP") No. 3 by February 25, 2009. (Order at 4.) ATC filed an Opposition [Doc. No. 129], and Presidio filed a Reply. [Doc. No. 156.] The Court took this matter under submission without oral argument. [Doc. No. 146.]

Presidio also filed a Motion for Summary Judgment on Count Four of ATC's Counterclaim. [Doc. No. 88.] While this motion was under submission the District Court granted Presidio's Motion for Summary Judgment on Counterclaim Four. [Doc. No. 165 at 6.] The Order granting Presidio's Motion for Summary Judgment on Counterclaim Four renders the present motion moot.

**II.    DISCUSSION**

Because Presidio's motion for summary judgment on ATC's Counterclaim Four was granted, the present Contempt Motion is primarily moot. The only request for relief that was not disposed of by the motion for summary judgment is Presidio's request for attorneys' fees and costs. Presidio's Memorandum of Points and Authorities in Support Its Motion provides, in pertinent part:

> Presidio first requests an order sanctioning ATC for its conduct and ordering, once again, production of all documents responsive to RFP 3. Second, Presidio requests an order requiring ATC to pay Presidio's reasonable attorneys' fees and costs associated with bringing its Motion to Compel and the instant Motion. Third, Presidio requests an order precluding ATC from basing any allegations of tortious interference with any entity other than Agilent. Fourth, Presidio requests an order allowing Presidio the opportunity to take depositions as warranted by the documents ATC will ultimately produce in compliance with the Court's Order.

1  (Mem. Ps&As in Supp. OSC at 6.)

2  In order to show civil contempt, "The moving party has the burden of showing by clear and
3  convincing evidence that the contemnors violated a specific and definite order of the court. The burden
4  then shifts to the contemnors to demonstrate why they were unable to comply." *F.T.C. v. Affordable*
5  *Media*, 179 F.3d 1228, 1239 (9th Cir. 1999) (citations omitted). Presidio failed to meet its burden. The
6  parties agree that ATC produced 601 pages (A43455 to A44056) on February 25, 2009. (*See* Mem.
7  Ps&As in Supp. OSC at 4; *see generally* Opp'n; Reply at 6-8.) In its Reply, Presidio also concedes that
8  on February 25 ATC produced at least 18 pages relating to TriQuint and nine (9) pages relating to
9  Centellax. (Reply at 6, 7.) Presidio has not challenged ATC's production relating to Agilent. (Mem.
10 Ps&As in Supp. OSC at 4.) Accordingly, the Court does not find there is clear and convincing evidence
11 that ATC violated the Order.

12 Furthermore, Rule 37 requires that the Court "must not" order sanctions if "the opposing
13 party's . . . objection was substantially justified." Fed. R. Civ. P. 37(a)(5)(A)(ii). In its opposition to the
14 present motion, ATC included a seventeen (17) page spreadsheet identifying documents mentioning
15 either Agilent, TriQuint, and/or Centellax that were produced to Presidio in response to RFP 3. (*See*
16 Opp'n at 2; Opp'n at Ex. 8.) ATC also submitted declarations from Timothy Koskey and Matthew
17 Daniels confirming the searches ATC ran to locate and collect responsive documents. Mr. Koskey
18 works as a Network Systems Administrator in the Information Technology ("IT") department of ATC
19 and Mr. Daniels is employed as a Desktop Support Technician in ATC's IT Department. (Opp'n at Ex.
20 3, Ex. 4.) Because Presidio did not establish that ATC violated the Order, the Court concludes that
21 ATC's opposition was substantially justified. Pursuant to Rule 37, Presidio's request for attorneys' fees
22 and costs is denied.

23 For the foregoing reasons the motion is **Denied**.

24 **IT IS SO ORDERED**.

25 DATED: May 14, 2009

26                    Hon. Nita L. Stormes
                     U.S. Magistrate Judge