# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRESIDIO COMPONENTS, INC.,<br><br>　　　　　　Plaintiff,<br>v.<br>AMERICAN TECHNICAL CERAMICS CORPORATION,<br><br>　　　　　　Defendant.<br><br>AMERICAN TECHNICAL CERAMICS CORPORATION,<br><br>　　　　　　Counterclaimant,<br>v.<br>PRESIDIO COMPONENTS, INC.,<br><br>　　　　　　Counterdefendants. | Civil No. 08cv335 IEG (NLS)<br><br>**ORDER DENYING ATC'S MOTION TO COMPEL PLAINTIFF TO COMPLY WITH THE COURT'S ORDER AND TO PRODUCE DOCUMENTS**<br><br>[Doc. No. 78] |

## I.　INTRODUCTION

　　This is a patent infringement case involving U.S. Patent No. 6,816,356 ("The '356 patent"). Presidio Components, Inc. ("Presidio") filed suit against American Technical Ceramics Corporation ("ATC") alleging infringement of the '356 patent. (Doc. No. 1 at ¶ 10.) ATC filed a counterclaim alleging, inter alia, tortious interference with contractual relations. (Doc. No. 10 at pp. 11-12.)

　　ATC filed the motion presently before the Court to Compel Plaintiff to Comply with the Court's Order and to Produce Documents (herein "Motion to Compel"). (Doc. No. 78.) This motion is

appropriate for adjudication on the papers submitted and the Court previously vacated the hearing date. (Doc. No. 146.)

**Relevant Facts**

ATC's present Motion to Compel stems from its prior Motion to Compel [Presidio] to Produce Documents and Respond to Interrogatories. (Doc. No. 42.) On November 10, 2008, the Court issued an Order Granting in Part and Denying in Part ATC's Motion to Compel [Presidio] to Produce Documents and Respond to Interrogatories (herein "Order"). (Doc. No. 58.) The Court ordered Presidio to produce documents responsive to ATC's Requests for Production (herein "RFP") Nos. 52 through 55 by November 12, 2008, and to produce all other required discovery by November 24, 2008. (*Id.*) ATC asserts that Presidio did not comply with the Court's Order.

In addition to the deadlines set by the Court's Order on ATC's previous motion to compel, the Court's First and Second Amended Scheduling Order Regulating Discovery and Pretrial Proceedings (herein "Scheduling Order") set the deadline to complete fact discovery for December 5, 2008, and the expert discovery deadline for March 9, 2009. (Scheduling Order, as Modified, Doc. Nos. 37, 65.) The operative Scheduling Order provides, in relevant part:

> "*Completed* means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure must be initiated in a sufficient period of time in advance of the cut-off date, *so that it may be completed* by the cut-off date, taking into account the times for services, notice, and response as set forth in the Federal Rules of Civil Procedure. All disputes concerning discovery shall be brought to the attention of the Magistrate Judge no later than thirty (30) days following the date upon which the event giving rise to the discovery dispute occurred. Counsel shall meet and confer pursuant to the requirements of Fed. R. Civ. P. 26 and Local Rule 26.1(a)."

(Scheduling Order, Doc. No. 14 at 2.)

On March 16, 2009—one week after expert discovery closed and on the last day to file all pretrial motions—ATC filed the present Motion to Compel. (Doc. No. 78.) ATC's motion concerns RFPs Nos. 1-3, 7, 8, 69, and Interrogatory ("ROG") no.1. (*See id.*) The motion is not timely and the record indicates that ATC did not conduct a proper meet and confer before filing the motion. Therefore, the Motion is Denied.

///

///

## II. DISCUSSION

**ATC'S MOTION IS UNTIMELY**

### RFPS 1-3, 7, and 8

The Scheduling Order requires that the parties bring any discovery dispute to the Court's attention within 30 days of the event giving rise to the dispute. The Court ordered Presidio to produce documents responsive to RFPs 1-3, 7, and 8 by November 24, 2008. (*See* Order at 1.) Therefore, the deadline for filing this motion was December 24, 2008.

In support of its Motion to Compel, ATC explained that since December 5, 2008—the fact discovery cut-off date—it had "been actively communicating through letter correspondence, email, and meet and confer sessions regarding Presidio's non-compliance with the Court's November 10 Order." (Memo Ps&As Mot. to Compel at 1.) Yet, despite its awareness of an ongoing discovery dispute as early as December 5, and the Court's requirement that discovery disputes be brought to its attention no later than 30 days following the date upon which the event giving rise to the discovery dispute occurs, ATC waited nearly four months—precisely 112 days—to file this motion. (Notice of Mot. to Compel, Doc. No. 78.)

ATC completely disregarded the Court's scheduling orders and did not present the Court with good cause to justify the extreme delay. Accordingly, the motion to compel is denied as untimely.

### RFP 69

ATC's motion regarding RFP 69 is likewise untimely. RFP 69 seeks documents regarding Presidio's damages claims. (Memo Ps&As Mot. to Compel at 3.) In its November 10, 2008 Order, the Court denied without prejudice ATC's motion to compel a response to RFP 69. (Order at 6.) In so doing, the Court invited ATC to renew its request *if* Presidio failed to include information responsive to RFP 69 in the report of its damages expert and prior to the expert's deposition. (*Id.*) The deadline for submitting expert reports in this case was January 23, 2009. (Scheduling Order, as Modified, Doc. No. 65.)

As explained above, the Court requires that all discovery motions be brought within 30 days of the event giving rise to the discovery dispute. Presidio's damages expert, Glenn Newman, prepared a thirty-five (35) page report and included an exhibit describing every document he considered and relied

on in performing his damages analysis in this case. (Memo Ps&As in Opp'n at 7; *see also* Opp'n, Ex. A.) The date Mr. Newman submitted his report—January 23, 2009—started the clock running on ATC's 30 day time limit to file related discovery motions. Thus, ATC's deadline for filing this motion was February 23, 2009. Not only did ATC fail to file its motion on time, it did not do so until the final date to file all pretrial motions, which was more than one week after expert discovery closed entirely.[1]

ROG 1

ATC's motion to "compel Presidio to supplement its response to ROG 1" is similarly untimely. (Reply at 6.) Furthermore, the parties do not dispute that Presidio provided a response to ROG 1 and also provided ATC with a declaration confirming that Presidio performed a reasonable search and produced all relevant documents. (Memo Ps&As in Supp. at 11; Opp'n at 15; Reply at 6.) The information before the Court indicates that Presidio has fully complied with its obligations. Accordingly, the Court denies ATC's request for an order compelling Presidio to provide it with additional information.

ATC has made no showing that it acted diligently in bringing these discovery motions before the Court, nor has it provided good cause to excuse its noncompliance with the Scheduling Order. For the foregoing reasons, the Court denies ATC's Motion to Compel Presidio to Comply with the Court's Order and Produce Documents.

**FAILURE TO CONDUCT AN APPROPRIATE MEET AND CONFER**

Civil Local Rule 26.1(a) requires counsel for the moving party to arrange a meet and confer before the court will entertain a discovery motion. *See* CivLR 26.1(a). Local Rule 26.1 further states that: "Under no circumstances may the parties satisfy the meet and confer requirement by exchanging written correspondence." *Id.* The record indicates that ATC failed to arrange for and engage in an appropriate meet and confer before filing this discovery motion. The record reveals the following: On Friday, March 13, 2009, at 5:29 p.m.—i.e., after the close of business on the last business day before the weekend—counsel for ATC sent Presido's counsel an e-mail asking to meet and confer on Monday, March 16, 2009 (the deadline for filing all pretrial motions), regarding unresolved discovery issues.

---

[1] The Court's Second Amended Scheduling Order set March 9, 2009, as the date for completion of all expert discovery. [Doc. No. 65.]

(Memo Ps&As in Opp'n at 6; Opp'n, Ex. C.)  Given the short notice, no meet and confer took place before ATC called the Court and requested a hearing date for the present motion.  (*Id.*; Opp'n, Ex. D.)  On March 17, 2009, attorney Timur Slonim signed ATC's Certification of Compliance with Civil Local Rule 26.1 (herein "Certification").  (Doc. No. 81-2.)  ATC's certification provides, in pertinent part:

> Pursuant to CivLR 26.1, counsel for Presidio and ATC have met and conferred concerning ATC's present motion to compel Presidio to comply with the Court's Order and to produce documents . . . .  Mr. Slonim served letters on January 9 and February 23, 2009 again requesting that Presidio provide the discovery mandated by the Court's Order.  Presidio responded by claiming to be in compliance with the Order and that all documents have been produced.  In view of the deadline to file any motions on or before March 16, 2009, ATC made an additional request for a meet and confer on that date which Presidio refused to have.  Accordingly, ATC has filed this Motion to Compel.

(*Id.* at 2.)  In its Opposition to ATC's motion, Presidio contends ATC failed to conduct the required meet and confer prior to filing the present motion.  (Memo Ps&As in Opp'n at 6.)  In its Reply, ATC refers to its Rule 26.1 Certification as evidence that an adequate meet and confer took place.  (Reply at 2 n. 7.)

ATC's belated attempt to arrange a meet and confer prior to filing this motion did not satisfy the requirements set by the Local Rule.  Still, Presidio responded to Mr. Slonim's eleventh hour request via letter on March 16, 2009, and did not refuse to meet and confer.  (Opp'n, Ex. D.)  Rather, Presidio responded to the after-hours email the following business day and asked ATC to identify the outstanding discovery issues so that the parties could engage in a meaningful meet and confer.  (*Id.*)

ATC's demand for a meet and confer after hours on the Friday before a Monday motions filing deadline does not comply with the letter or spirit of the Local Rule.  *See* Fed. R. Civ. P. 37(a)(1).  Furthermore, Mr. Slonim's representation that Presidio's counsel "refused" to have an additional meet and confer prior to the filing of this motion misrepresents the record.

Accordingly, for all of the reasons stated above, ATC's Motion to Compel Presidio to Comply with the Court's Order and Produce Documents is **DENIED** in its entirety.

**IT IS SO ORDERED.**

DATED: May 20, 2009

Hon. Nita L. Stormes
U.S. Magistrate Judge