# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRESIDIO COMPONENTS INC., | CASE NO. 08-CV-335 - IEG (NLS) |
| Plaintiff, | ORDER ON PLAINTIFF'S MOTION IN LIMINE: REEXAMINATION OF THE '356 PATENT |
| vs. | |
| AMERICAN TECHNICAL CERAMICS CORP., | [Doc. No. 202] |
| Defendant. | |

On November 12, 2009, the Court heard oral argument on the parties' motions in limine. The Court's ruling on each motion was announced from the bench and is memorialized in the Minute Order entered on the docket on the same day. [Doc. No. 250]. However, the Court indicated at the hearing that a separate written order will be issued regarding Plaintiff's Motion in Limine: Reexamination of the '356 Patent ("Plaintiff's Motion in Limine 4"). [Doc. No. 202]. Having considered the parties' arguments, and for the reasons set forth below, the Court reaffirms its prior ruling and GRANTS IN WHOLE Plaintiff's motion to exclude any evidence relating to the reexamination of the '356 patent.

## BACKGROUND

On July 23, 2009, American Technical Ceramics Corp. ("ATC") submitted to the United States Patent and Trademark Office ("USPTO") a replacement request for reexamination of the patent-in-suit, U.S. Patent Number 6,816,356 ("the '356 patent"). On October 20, 2009, the USPTO granted the

1  request for reexamination with respect to claims 1-5, 16, and 18-19. (See Def. Mem. of P. & A. in
2  opposition to Pl. MIL 4, Ex. 1, at 22.) In Plaintiff's Motion in Limine 4, Presidio moves to exclude
3  any evidence relating to the reexamination on the ground that it is not relevant to this lawsuit and is
4  also unfairly prejudicial to Presidio.

**DISCUSSION**

6  A.     Parties' arguments

7  Presidio seeks to exclude all evidence relating to the reexamination proceedings of the '356
8  patent. First, Presidio argues that the grant of reexamination is irrelevant to this case because it is not
9  probative of unpatentability. Second, Presidio asserts that despite the grant of reexamination, "there
10 is only an approximate 12% likelihood that all of the patented claims will be cancelled." Third,
11 Presidio argues that even if relevant, evidence of the reexamination proceedings should be excluded
12 as unfairly prejudicial. Finally, according to Presidio, granting its motion in limine will also ensure
13 a sustainable jury verdict in the case.

14 On the other hand, ATC argues that evidence of the reexamination proceedings should not be
15 excluded. According to ATC, it does not intend to argue that the '356 patent is invalid simply because
16 of the grant of reexamination. Rather, ATC wants to use "very specific determinations and findings
17 made by the [USPTO] in the Order Granting Reexamination that are directly relevant and highly
18 probative of specific issues underlying ATC's inequitable conduct and invalidity defenses." These
19 include: (1) "non-cumulativeness of the reexamination references in the prior art in the original
20 prosecution" and (2) "importance of their consideration to a reasonable examiner, *i.e.*, their materiality
21 to patentability." Moreover, according to ATC, specific USPTO's determinations are also highly
22 probative on the evaluation of the relevant Graham obviousness factors and regarding willfulness.

23 B.     Analysis

24 Presidio argues persuasively that "the grant by the examiner of a request for reexamination is
25 not probative of unpatentability." See Hoechst Celanese Corp. v. BP Chemicals Ltd., 78 F.3d 1575,
26 1584 (Fed. Cir. 1996). "The grant of a request for reexamination, although surely evidence that the
27 criterion for reexamination has been met (i.e., that a 'substantial new question of patentability' has
28 been raised, 35 U.S.C. § 303), does not establish a likelihood of patent invalidity." Id. (citation

omitted). On the contrary, although it appears that the USPTO grants about 92% of the requests for reexamination, in only 12% of cases does that reexamination result in all claims being cancelled. See UNITED STATES PATENT AND TRADEMARK OFFICE, EX PARTE REEXAMINATION FILING DATA - DECEMBER 31, 2007, ¶¶ 5a, 10b; see accord Hoechst Celanese Corp. v. BP Chemicals Ltd., 846 F. Supp. 542, 547 (S.D. Tex. 1994), aff'd, 78 F.3d 1575 (Fed. Cir. 1996). There is thus a "substantial likelihood" that, despite the grant of reexamination, the USPTO will uphold the patentability of some or all of Presidio's claims. See Amphenol T&M Antennas, Inc. v. Centurion Int'l Inc., No. 00 C 4298, 2002 WL 32373639, at *1 (N.D. Ill. Jan. 17, 2002).

Moreover, even if the reexamination proceedings are somehow relevant on the issues of obviousness or willfulness, they are nevertheless unfairly prejudicial. See FED. R. EVID. 403. As noted above, because the reexamination proceedings before the USPTO are still incomplete and based solely on the evidence provided by ATC in its replacement request for reexamination, there is very little probative value to the grant of reexamination. On the other hand, the prejudicial effect as well as potential for jury confusion is great.[1] Thus, because the prejudicial potential of the evidence "substantially outweigh[s]" any probative value, it should be excluded. See FED. R. EVID. 403.

ATC's arguments to the contrary are unpersuasive. In Molins PLC v. Textron, Inc., 48 F.3d 1172, 1179 (Fed. Cir. 1995), on which ATC relies, the Federal Circuit merely stated that "the *result* of a [USPTO] proceeding that assesses patentability in light of information not originally disclosed can be of strong probative value in determining whether the undisclosed information was material" (emphasis added). In the present case, however, the USPTO's reexamination proceedings are still incomplete and based solely on the evidence submitted by ATC, and therefore there is no "result" that ATC can rely upon. See 3M Innovative Prop. Co. v. Dupont Dow Elastomers LLC, No. 03-3364 MJD/AKB, 2005 WL 2216317, at *2 (D. Minn. Sept. 8, 2005) ("On the other hand, admission of evidence of an incomplete reexamination would have low probative value, would distract from the

---

[1] The Court notes that pursuant to ATC's own motion in limine, the Court has already excluded from trial any reference to the "presumption of validity." (See Def. MIL 1.) Contrary to ATC's arguments, however, this weighs in favor of granting Plaintiff's Motion in Limine 4. With any reference of the "presumption of validity" excluded, allowing the jury to hear about incomplete USPTO proceedings will be unfairly prejudicial to Presidio, and could potentially confuse the jury as to who has what burden throughout the trial.

1  core issues of the case, and would be highly prejudicial." (citations omitted)).

2  None of the other cases cited by ATC as supporting its position apply at this juncture. For
3  example, <u>Lucent Tech., Inc. v. Gateway, Inc.</u>, No. 07-CV-2000-H (CAB), 2007 U.S. Dist. LEXIS
4  95934 (S.D. Cal. Oct. 30, 2007) dealt with considering the grant of reexamination at the *summary*
5  *judgment* stage, rather than having that evidence presented to the jury. As for <u>Fresenius Med. Care</u>
6  <u>Holdings, Inc. v. Baxter Int'l, Inc.</u>, No. C 03-1431 SBA, 2006 WL 1330003, at *4 (N.D. Cal. May 15,
7  2006), although the court there did find that a limiting instruction could alleviate the potential
8  prejudice, the court also relied on the moving party's failure to include the argument in its original
9  motion as a basis for denying it without prejudice at the *summary judgment* stage.

## CONCLUSION

11  For the foregoing reasons, the Court **GRANTS** Presidio's motion to exclude from trial all
12  evidence relating to the reexamination proceedings of the '356 patent. This does not, however,
13  preclude ATC from arguing to the jury that the nine references discussed by the USPTO in its grant
14  of reexamination were non-cumulative or important to a reasonable examiner. ATC just has to do it
15  based on separate and independent evidence, rather than on the grant of reexamination itself.

16  **IT IS SO ORDERED.**

18  DATED: November 13, 2009

19  _____
   **IRMA E. GONZALEZ, Chief Judge**
   **United States District Court**