1  Daniel T. Pascucci, Esq. (SBN 166780)
   dpascucci@mintz.com
2  Nathan R. Hamler, Esq.  (SBN 227765)
   nhamler@mintz.com
3  MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO PC
   3580 Carmel Mountain Road, Suite 300
4  San Diego, CA 92130
   Telephone: (858) 314-1500
5  Facsimile:  (858) 314-1501

6  Marvin S. Gittes, Esq. (*pro hac vice in case no. 3:07-cv-00893-IEG(NLS)*)
   E-mail: mgittes@mintz.com
7  Timur E. Slonim, Esq. (*pro hac vice in case no. 3:07-cv-00893-IEG(NLS)*)
   tslonim@mintz.com
8  Peter F. Snell, Esq. (*pro hac vice in case no. 3:07-cv-00893-IEG(NLS)*)
   E-mail: psnell@mintz.com
9  MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO PC
   666 Third Avenue
10 New York, NY 10017
   Telephone:  (212) 935-3000
11 Facsimile:   (212) 983-3115

12 Attorneys for Defendant/Counter-Claimant
   AMERICAN TECHNICAL CERAMICS CORP.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRESIDIO COMPONENTS, INC., <br><br> Plaintiff, <br><br> v. <br><br> AMERICAN TECHNICAL CERAMICS CORP., <br><br> Defendant. | Case No. 3:08-cv-00335-IEG-NLS <br><br> **NOTICE OF FILING OF ATC'S ADDITIONAL SALES INFORMATION** <br><br> Chief Judge Irma E. Gonzalez |
| AMERICAN TECHNICAL CERAMICS CORP., <br><br> Counter-Claimant, <br><br> v. <br><br> PRESIDIO COMPONENTS, INC., <br><br> Counter-Defendant. | |

In compliance with the Court's order that "ATC provide an accounting for any sales of the 545L capacitors occurring after December 1, 2009," attached hereto as Exhibit A is ATC's sales data for the 545L capacitor from October 1, 2009[1] until May 6, 2010, Bates numbered A44083-86. (Order at 55.)

ATC respectfully submits that the compensation award to Presidio by the Court as supplemental damages for the time period not considered by the jury be calculated on an <u>ongoing royalty basis.</u>  The ongoing royalty rate will be negotiated between the parties and/or imposed by the Court in the near future. This procedure comports with the patent laws requiring "adequate compensation." 35 U.S.C. § 284. *See Boston Scientific Corp. v. Johnson & Johnson*, Civ. No. C 02-00790 SI, 2009 U.S. Dist. LEXIS 35372 (N.D. Cal. Apr. 9, 2009) (where a jury did not award damages for past infringement, awarding compensation for the post-verdict, as well as post-judgment, sales on an ongoing royalty basis). It will also save the litigants' and the Court's resources as compared to determining this compensation on a lost profits basis. A lost profits determination would require (1) Presidio to produce information about its sales, costs, profits, etc. for all of 2009 and part of 2010, and (2) expert witnesses for both parties to submit their analyses of the appropriate (lost) profit amount. Presidio's damages expert Mr. Newman testified on direct examination that Presidio's profit for sales of BBs goes down every year and has to be determined on an annual basis:

> Q.     …I see that you used profit figures of a dollar sixty-eight in '06, and then there's actually been a steady decline, almost 25 percent overall. Is there a reason you just didn't pick the highest profit number that Presidio made throughout the time of its sales of the BB and just apply that across the board and try to jazz this number up a little bit?
>
> A.     Certainly, it wouldn't be appropriate to do that. <u>I look at it in each particular year</u> …. [T]he price is going down, and we see between a five- and ten-percent decrease in the selling price each

---

[1] In light of the fact that ATC's prior sales data produced in the case covered the period up to and including September 31, 2009, ATC is voluntarily producing 545L sales data for the months of October and November 2009.

2

year, and that the cost hasn't gone down as well. So that has gone to the bottom line. <u>That's why we see a decrease in the incremental profits from 168 down to 121</u>, but we look at it from a year-to-year basis if the 545 is not available for each of those years. So <u>it wouldn't be appropriate to look at sales that occurred in 2009 of 545s and apply the old 2006 profit. That would misstate the loss of profits</u>. (12/4/09 Tr. at 178:25-179:17) (emphasis added)

Thus, it is inappropriate to apply an average lost profit number of $1.34 per capacitor, as Presidio improperly proposes in its ongoing royalty brief (Doc. No. 349, at 3-4), or even the 2009 lost profit amount of $1.21 (calculated by Mr. Newman based on <u>partial</u> 2009 information) to the 2010 sales of the 545L. ATC respectfully requests that, if the Court decided to employ the lost profits analysis for the post-verdict compensation, that the Court order Presidio to produce relevant sales documents (substantially in the form of Trial Exs. ALD, ALC, and AFI) and establish a schedule for the experts to review this information and to submit reports regarding this issue.

Dated: May 10, 2010

Respectfully submitted,

MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.

By: /s/ Timur Slonim
    Daniel T. Pascucci, Esq.
    dpascucci@mintz.com
    Nathan R. Hamler, Esq.
    nhamler@mintz.com
    Ben Wagner, Esq.
    bwagner@mintz.com
    Marvin S. Gittes, Esq. (*pro hac vice*)
    mgittes@mintz.com
    Timur E. Slonim, Esq. (*pro hac vice*)
    tslonim@mintz.com
    Peter F. Snell, Esq. (*pro hac vice*)
    psnell@mintz.com
    **MINTZ, LEVIN, COHN, FERRIS,**
      **GLOVSKY AND POPEO, P.C.**
    666 Third Avenue
    New York, NY 10017
    Telephone: (212) 692-6800
    Facsimile: (212) 983-3115

# CERTIFICATE OF SERVICE

I, the undersigned, certify and declare that I am over the age of 18 years, employed in the County of New York, State of New York, and am not a party to the above-entitled action.

On May 10, 2010, I caused a copy of the following document(s):

**NOTICE OF FILING OF ATC'S ADDITIONAL SALES INFORMATION**

by electronically filing the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Miles D. Grant, Esq.<br>**Grant & Zeko, APC**<br>1331 India Street<br>San Diego, CA  92101 | Attorneys for Plaintiff<br>PRESIDIO COMPONENTS, INC.<br><br>Email: mgrant@grantandzeko.com |
| Brett A. Schatz, Esq.<br>Gregory F. Ahrens, Esq.<br>**Wood Herron and Evans**<br>441 Vine Street<br>2700 Carew Tower<br>Cincinnati, OH  45202 | Attorneys for Plaintiff<br>PRESIDIO COMPONENTS, INC.<br><br>Email:  bschatz@whepatent.com<br>            gahrens@whepatent.com |

Executed on May 10, 2010, in New York, New York.

/s/ Timur Slonim
Timur Slonim