# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRESIDIO COMPONENTS INC., | CASE NO. 08-CV-335 - IEG (NLS) |
| Plaintiff, | ORDER DENYING ATC'S MOTION FOR RECONSIDERATION. |
| vs. | [Doc. No. 366] |
| AMERICAN TECHNICAL CERAMICS CORP., | |
| Defendant. | |

Currently before the Court in this patent infringement case is ATC's Rule 60 Motion, Based on Intervening Law, to Amend Judgment or for a New Trial Regarding Presidio's False Marking Prior to October 24, 2008. [Doc. No. 366]. Having considered the parties' arguments, and for the reasons set forth below, the Court **DENIES** the motion.

## BACKGROUND

The factual and procedural history of this case is set forth in great detail in this Court's prior order and need not be repeated herein. See Presidio Components, Inc. v. Am. Technical Ceramics Corp., — F. Supp. 2d —, 2010 WL 1462757, at \*\*2-4 (S.D. Cal. 2010). As relevant to this Order, Presidio Components, Inc. ("Presidio") sued American Technical Ceramics Corporation ("ATC") for patent infringement, and ATC counterclaimed. The patent at issue is U.S. patent number 6,816,356 ("the '356 patent"), which discloses and claims a substantially monolithic, multilayer capacitor with

1  fringe-effect capacitance between its external contacts. Presidio alleged ATC's manufacture of its
2  545L series of monolithic, multilayer capacitors infringed the '356 patent. In its counterclaim, ATC
3  alleged that Presidio falsely marked its Buried Broadband Capacitors ("BB capacitors") with the '356
4  patent in violation of 35 U.S.C. § 292. The BB capacitors are monolithic, multilayered capacitors
5  developed for broadband usage. During the litigation, Presidio conceded the BB capacitors do not
6  embody the claims of the '356 patent. Nonetheless, Presidio asserts the BB capacitors at the very least
7  employ the "substantially monolithic dielectric body" as used in the claims of the '356 patent, and as
8  such served as the background to the inventions ultimately claimed in the '356 patent.

9  The case was tried to a jury in December 2009. The jury returned a verdict finding all of the
10 asserted claims to be valid and infringed. The jury also found that Presidio's false marking of the BB
11 capacitors prior to October 24, 2008, was not done for the purpose of deceiving the public. After
12 hearing argument on the parties' post-trial motions, the Court upheld the jury's verdict in most
13 respects, including in regards to Presidio's false marking prior to October 24, 2008.

### LEGAL STANDARD

15 A motion for reconsideration can be filed "as may be allowed under Rules 59 and 60 of the
16 Federal Rules of Civil Procedure." CIV. L.R. 7.1(i)(2). "Reconsideration is appropriate if the district
17 court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision
18 was manifestly unjust, or (3) if there is an intervening change in controlling law." Sch. Dist. No. 1J,
19 Multnomah County, Or. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993) (citation omitted). "A
20 motion for reconsideration 'may not be used to raise arguments or present evidence for the first time
21 when they could reasonably have been raised earlier in the litigation.'" Marlyn Nutraceuticals, Inc.
22 v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (citation omitted).

### DISCUSSION

24 In its motion for reconsideration, ATC argues the Federal Circuit's recent decision in
25 Pequignot v. Solo Cup Co., 608 F.3d 1356 (Fed. Cir. 2010), constitutes an intervening change in
26 controlling law. According to ATC, the Federal Circuit in Solo Cup "established a new, two-pronged
27 framework" for determining whether the accused false marker acted "for the purpose of deceiving the
28 public" in violation of 35 U.S.C. § 292: (1) the court must first determine whether there is *objective*

evidence of the marker's "knowledge of falsity" to give rise to an inference of "intent to deceive," and (2) the court must then inquire whether the marker can rebut that presumption with sufficient *subjective* evidence of no intent to deceive. (See Def. Rule 60 Motion, at 1.) ATC contends that because this Court failed to follow this two-pronged framework, and instead applied a "single totality of the circumstances test," it should reconsider and vacate its earlier ruling on Presidio's false marking intent prior to October 4, 2008. (See id. at 2 (emphasis in original).)

Contrary to ATC's arguments, however, the Federal Circuit in Solo Cup expressly *reaffirmed* its prior framework as stated in Clontech Labs., Inc. v. Invitrogen Corp., 406 F.3d 1347 (Fed. Cir. 2005). See Solo Cup, 608 F.3d at 1362-63. Accordingly, the Solo Cup decision does not represent "an intervening change in controlling law," and ATC is not entitled to a reconsideration.

Moreover, even if Solo Cup arguably constitutes "a new, two-pronged framework" for determining whether the accused false marker acted "for the purpose of deceiving the public" in violation of 35 U.S.C. § 292, the Court followed that exact framework when ruling on ATC's post-trial motion challenging the jury's finding that Presidio did not have the "intent to deceive" the public prior to October 24, 2008. Specifically, the Court then stated that:

> "Intent to deceive, while subjective in nature, *is established in law by objective criteria*. Thus, *'objective standards' control* and 'the fact of misrepresentation coupled with proof that the party making it had knowledge of its falsity is enough to warrant drawing the inference that there was a fraudulent intent.' Thus, under such circumstances, the mere assertion by a party that it did not intend to deceive will not suffice to escape statutory liability. Such an assertion, standing alone, is worthless as proof of no intent to deceive where there is knowledge of falsehood. But in order to establish knowledge of falsity *the plaintiff must show by a preponderance of the evidence that the party accused of false marking did not have a reasonable belief that the articles were properly marked* (i.e., covered by a patent). Absent such proof of lack of reasonable belief, no liability under the statute ensues."

(Order on Post-Trial Motions, at 59 (quoting Clontech, 406 F.3d at 1252-53) (emphases added) [Doc. No. 348].) As can be seen, the Court expressly noted that the "intent to deceive" inquiry is established by *objective* criteria, with the burden on ATC to show "by a preponderance of the evidence that [Presidio] did not have a *reasonable belief* that the [BB capacitors] were properly marked." (See id. (emphasis added).) Having reviewed the parties' arguments, the Court then concluded that ATC failed to meet its burden because "there was substantial evidence before the jury to find that ATC has failed to demonstrate that prior to October 24, 2008, the Devoes lacked a 'reasonable belief' that the '356 patent covered the BB capacitors." (See id. at 60 (citing Clontech, 406 F.3d at 1252-53).)

Furthermore, the Federal Circuit in Solo Cup specifically cautioned that "[t]he bar for proving deceptive intent here is particularly high, given that the false marking statute is a criminal one, despite being punishable only with a civil fine." 608 F.3d at 1363 (citations omitted). Accordingly, "*a purpose of deceit*, rather than simply knowledge that a statement is false, is required." Id. (emphasis added). "Thus, mere knowledge that a marking is false is insufficient to prove intent if [the marker] can prove that it did not consciously desire the result that the public be deceived." Id. In this case, the jury has found,[1] and the Court has agreed, that ATC has failed to demonstrate such intent to deceive on behalf of Presidio. Accordingly, ATC has failed to meet its burden under Solo Cup's first objective prong.

Finally, to the extent any presumption of intent to deceive the public applies in this case, such presumption is rebuttable in nature. See Solo Cup, 608 F.3d at 1362-63. In the present case, just like in Solo Cup, 608 F.3d at 1363, the Court found that Presidio effectively rebutted the presumption when it "provided credible evidence that its purpose was not to deceive the public" with its marking. For example, Dan Devoe testified that although he did not inquire as to whether the BB capacitors practiced any of the claims of the '356 patent, he believed that they *did* practice the '356 patent. (Trial Tr. Day 2, at 44:7-44:19.) Likewise, although Lambert Devoe initially testified that Presidio did not "form a belief or understanding whether any particular claim of the '356 patent covered the BB capacitor," he later clarified that Presidio "thought those [marking] decisions were correct," especially in light of a cross-sectional diagram on the front cover of the '356 patent which "looks remarkably similar" to the BB capacitors. (Trial Tr. Day 2, at 131:24-132:3; Trial Tr. Day 3, at 21:18-24:19.) Similarly, Gunter Vorlop testified at his deposition that he believed that Presidio had a patent on its BB capacitors, and that one of those patents was the '356 patent. (Vorlop Dep., at 207-08 (Jan. 6, 2009), attached to Def. Motion for JMOL on False Marking, Ex. 5.) In light of this substantial evidence, the Court reaffirms its prior finding that Presidio effectively rebutted any inference of "intent to deceive" the public that might have arisen. See Solo Cup, 608 F.3d at 1364 ("Thus, a good

---

[1] For the same reasons, the Court concludes that the jury instructions in this case were not erroneous in light of Solo Cup. For example, the Jury Instruction No. 37 specifically told the jurors that "[i]ntent to deceive, while subjective in nature, *is established in law by objective criteria*. Thus, *objective standards control* and the fact of misrepresentation coupled with proof that the party making it had knowledge of its falsity is enough to warrant drawing the inference that there was a fraudulent intent. Thus, under such circumstances, the mere assertion by a party that it did not intend to deceive will not suffice to escape liability." (Jury Instructions, at 63 (emphases added) [Doc. No. 297].)

faith belief that an action is appropriate, especially when it is taken for a purpose other than deceiving the public, can negate the inference of a purpose of deceiving the public.").

## CONCLUSION

For the foregoing reasons, ATC's motion for reconsideration in light of the Federal Circuit's recent decision in Solo Cup, 608 F.3d 1356, is **DENIED**.

**IT IS SO ORDERED.**

**DATED: August 25, 2010**

*(signature)*
**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**