# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRESIDIO COMPONENTS, INC., <br><br> Plaintiff, <br> vs. <br><br> AMERICAN TECHNICAL CERAMICS CORP., <br><br> Defendant. | CASE NO. 08cv335-IEG(NLS) <br><br> Order Denying Defendant ATC's Motion to Amend Judgment or for New Trial [Doc. No 369] |

Defendant American Technical Ceramics Corp. ("ATC") moves the Court under Fed. R. Civ. P. 60(b) and Civ. L.R. 7.1(i)(2) to amend that portion of its April 13, 2010 order denying ATC's motion for JMOL, or for a new trial, with respect to anticipation and obviousness of the '356 patent. Plaintiff Presidio Components, Inc. ("Presidio") filed an opposition and ATC filed a reply. Thereafter, Presidio submitted additional evidence relating to the motion and ATC submitted a supplemental reply.

The Court found ATC's motion appropriate for submission on the papers and without oral argument, and previously vacated the hearing. For the reasons explained herein, ATC's motion is DENIED.

## *Background*

The case was tried to a jury in December 2009, resulting in a verdict finding all of the

Plaintiff's asserted patent claims to be valid and infringed. The jury found ATC failed to prove, by clear and convincing evidence, that any of the claims of the '356 patent were anticipated or obvious.[1]

In its post-trial motions, ATC sought judgment as a matter of law that certain prior art anticipated the claims of the '356 patent and that the asserted claims of the '356 patent were obvious to a person of ordinary skill in light of the prior art. The Court denied ATC's motion by order filed on April 13, 2010. [Doc. No. 348, pp. 18.]

ATC now moves the Court for an order vacating that portion of its April 13, 2010 order denying ATC's post-trial motions on anticipation and obviousness, or in the alternative for a new trial on such issues. ATC argues there is newly discovered evidence, of which Presidio knew but failed to disclose the evidence during trial. ATC argues the new evidence shows as a matter of law that the claims of the '356 patent were anticipated by, and made obvious in light of, prior art.

The new evidence upon which ATC relies is the "Sprague publication." [Fabricius, J.H. and Olsen, A.G., *Monolithic Structure – A New Concept for Ceramic Capacitors*, Sprague Technical Paper No. 58-6 "Wescon" Western Electric Show and Convention, Los Angeles, California, August 21, 1958, attached as Exhibit 1 to ATC's motion.] Presidio learned of the Sprague publication during trial, when a Presidio employee obtained it through a third party. ATC learned of the Sprague publication in May of 2010 when Presidio cited it to the U.S. Patent and Trademark Office in the ongoing reexamination proceedings.

### *Discussion*

ATC argues it is entitled to relief under Fed. R. Civ. P. 60(b)(2) or (3). Rule 60(b)(2) provides for relief from judgment based upon newly discovered evidence. Rule 60(b)(3) provides for relief from a judgment based upon "fraud, ... misrepresentation, or misconduct by an opposing party." While Rule 60(b)(2) is aimed at correcting judgments which are factually incorrect, Rule 60(b)(3) is aimed at judgments which were unfairly obtained. Bunch v. United States, 680 F.2d

---

[1] The jury was asked to determine whether claims 1-5, 16, 18, and 19 of the '356 patent were obvious in light of the combination of the Heron patent (U.S. Patent No. 4,931,901) with the Aoyagi patent (U.S. Patent No. 5,978,205), or whether claims 2 or 4 of the '356 patent were obvious in light of the combination of the August 2000 capacitors which Presidio sold to JDS Uniphase with the Aoyagi patent. [Doc. No. 298, pp. 3-4.]

1271, 1283 (9th Cir. 1982).

A.    *Rule 60(b)(2)*

The court may grant relief under Rule 60(b)(2) where

> (1) the moving party can show the evidence relied on in fact constitutes "newly discovered evidence" within the meaning of Rule 60(b); (2) the moving party exercised due diligence to discover this evidence; and (3) the newly discovered evidence [is] of "such magnitude that production of it earlier would have been likely to change the disposition of the case."

Feature Realty, Inc. v. City of Spokane, 331 F.3d 1082, 1093 (9th Cir. 2003) (quoting Coastal Transfer Co. v. Toyota Motor Sales, U.S.A., Inc., 833 F.2d 208, 211 (9th Cir. 1987)). ATC argues the Sprague publication is newly discovered, which could not have been discovered earlier, and would most certainly have changed the disposition of the case.

1. New evidence and diligence

Although ATC only learned of the Sprague publication in May of 2010, Presidio argues it is not "newly discovered" because it was, and always has been, publicly available. The Sprague publication was presented at the Western Electronic Show and Convention in 1958, and republished in 2002 in Passive Component Industry Magazine, "a high-end online publication dedicated to the promotion of the passive electronic component industry." http://www.passivecomponentmagazine.com. Presidio argues ATC could have located the publication by diligently searching the internet.

Newly discovered evidence for purposes of Rule 60(b)(2) is evidence that was not "in the moving party's possession at the time of trial or could [not] have been discovered with reasonable diligence." Coastal Transfer Co., 833 F.2d at 212. Readily available public information typically cannot constitute "newly discovered evidence" within the meaning of Rule 60(b)(2). PageMasters, Inc. v. Oce-Technologies, B.V., 2007 WL 2696854 (D. Ariz. 2007) (citing Scutieri v. Paige, 808 F.2d 785, 794 (11th Cir. 1987)). Here, however, it is not apparent that the Sprague publication was readily available to the public such that ATC could have discovered it upon a diligent search of the internet. In opposition to ATC's motion, Presidio attaches the results of an internet search it performed, which contains a link to the Sprague publication. Presidio, however, performed its search on a less-than-mainstream search engine, using search terms contained in the title of the

1  publication rather than terms that were relevant and in dispute in this case.  The search revealed
2  56,400 results, and the Sprague publication was on the page containing results 91-100. [Presidio's
3  Opposition, Exhibit B.]  ATC used the same terms to conduct a search on Google, and the Sprague
4  article did not appear among the first 100 results. [Reply Declaration of Peter Snell, Exhibit 2.]
5  Presidio, itself, was not aware of the Sprague publication until after the start of trial.  Therefore,
6  the Sprague publication was not readily available to the public and constitutes newly discovered
7  evidence within the meaning of Rule 60(b)(2).
8        Furthermore, ATC engaged in extensive efforts to uncover relevant prior art to the '356
9  patent.  Counsel for ATC spent over 200 hours searching for relevant prior art, and ATC hired
10 three outside search firms to perform prior art searches.  [Declaration of Peter Snell in Support of
11 Motion, Exhibit 3 to ATC's motion, ¶ 2.]  ATC has shown it exercised due diligence but
12 nonetheless did not learn of the Sprague publication until after conclusion of the trial in this case.
13       2.  Importance of the Sprague publication
14       ATC is entitled to relief based upon the newly discovered Sprague publication, however,
15 only if ATC demonstrates the article is of such a magnitude that its earlier discovery likely would
16 have changed the disposition of this case.  ATC argues it is entitled to relief under Rule 60(b)(2)
17 because the Sprague publication inherently anticipates the "fringe-effect capacitance" described in
18 claims 1, 3, 5, 16, and 18-19 of the '356 patent, and renders all of the asserted claims obvious in
19 combination with other prior art references.  The Court disagrees.
20       As explained by the Court in its April 13, 2010 order, anticipation under 35 U.S.C. § 102 is
21 an affirmative defense, which the defendant must demonstrate by clear and convincing evidence.
22 i4i Ltd. Partnership v. Microsoft Corp., 598 F.3d 831, 847 (Fed. Cir. 2010).  "A patent claim is
23 deemed anticipated when every element and limitation of the claim is found in a single prior art
24 reference, either explicitly or inherently."  PharmaStem Therapeutics, Inc. v. ViaCell, Inc., 491
25 F.3d 1342, 1369 (Fed. Cir. 2007).  What a prior art reference discloses, for purposes of
26 anticipation analysis, is a factual determination; therefore, the Court will not disturb a jury's
27 finding so long as it was supported by substantial evidence.  i4i Ltd. Partnership, 598 F.3d at 848.
28       ATC argues the Sprague publication proves that since 1958 a capacitor designer has known

that "*the obvious way to increase the capacity*" of a multilayer capacitor is to "*extend[] [the contacts] over the body of the capacitor to form two additional electrodes*." [ATC's motion, p. 1.] ATC argues the capacitor contacts disclosed in the Sprague publication and claimed in the '356 patent are identical. Two external contacts are positioned in an edge-to-edge relationship and extended closer together from an undefined point A to an undefined point B. The natural result of this extension is the formation of fringe-effect capacitance. Thus, ATC argues claim 1 is inherently anticipated by the Sprague publication.

However, the Court found in its April 13, 2010 order, "there was substantial evidence before the jury to conclude that 'fringe-effect capacitance' is *not* always present – i.e. that it is not always *determinable* or '*capable of being determined* in terms of a standard unit' as required by the Court's claim construction." [Doc. No. 348, p. 11.] The Sprague publication does not disclose "fringe effect capacitance" or disclose or teach that "fringe effect capacitance" would result from extending external electrodes close together or that such a capacitance would be "determinable." At best, the Sprague publication is cumulative of the references ATC relied upon at trial to argue that the prior art discloses the existence of fringe effect capacitance and a fringe effect capacitance that is determinable. Therefore, the Sprague publication would not have likely changed the outcome of the jury's determination that the '356 patent was not anticipated by the prior art, or the Court's denial of ATC's post-trial motion on that question.

Similarly, the Sprague publication is not of such a magnitude that it would likely change the outcome of the obviousness inquiry. As with anticipation, the patent challenger has the burden to demonstrate by clear and convincing evidence that "a person of ordinary skill in the art would have had reason to attempt to make the composition or device, or carry out the claimed process, and would have had a reasonable expectation of success in doing so." PharmaStem, 491 F.3d at 1360. The court must "look to interrelated teachings of multiple patents; the effects of demands known to the design community or present in the marketplace; and the background knowledge possessed by a person having ordinary skill in the art, all in order to determine whether there was an apparent reason to combine the known elements in the fashion claimed by the patent at issue." KSR Int'l Co. v. Teleflex, Inc., 550 U.S. 398, 418 (2007).

1        At trial, ATC argued the claims of the '356 patent were obvious in light of the combination
2 of the Heron patent with the Aoyagi patent and the combination of the August 2000 capacitors
3 with the Aoyagi patent.  As the Court noted in its April 13, 2010 order, however, neither the Heron
4 patent nor the August 2000 capacitors by itself teaches fringe-effect capacitance, such that a
5 combination with the Aoyagi patent would not have made that more obvious.  [Doc. No. 348. p.
6 16.]  The Sprague publication does not teach or disclose fringe effect capacitance or how such
7 capacitance would result from extending external electrodes close together.  The Sprague
8 publication also does not disclose or teach that a determinable fringe effect capacitance would
9 result from extending external electrodes close together.  There was sufficient evidence at trial to
10 show that electrodes with ends close together do not necessarily create a fringe-effect capacitance
11 that is "capable of being determined in terms of a standard unit," such that the Sprague
12 publication's reference to the separation distance between the contacts is, by itself, insufficient to
13 demonstrate the existence of such fringe effect capacitance.
14        In light of these deficiencies in the Sprague publication, ATC cannot show the publication,
15 combined with reference to Heron and/or Aoyagi, render the asserted claims obvious to a person of
16 ordinary skill in the art.  The Court noted in its April 13, 2010 order that the Aoyagi patent "only
17 teaches an insulating layer across the surface" such that its combination with Heron and/or the
18 August 2000 capacitors would not have made the teaching of fringe-effect capacitance any more
19 obvious.  Similarly, combination of the Aoyagi patent with the Sprague publication would not
20 render the claims of the patent obvious.  The Heron patent is directed to the use of additional
21 internal electrodes to achieve value capacitance and does not teach many of the claim limitations
22 found in the asserted claims.  Therefore, the Heron patent does not supply information missing
23 from the Sprague publication or make the asserted claim limitations obvious in combination.  The
24 Sprague publication does not, in combination with the other prior art evidence presented at trial,
25 constitute clear and convincing evidence that a person of ordinary skill in the art would have "had
26 reason to attempt to make the composition or device, or carry out the claimed process, and would
27 have had a reasonable expectation of success in doing so."  <u>PharmaStem</u>, 491 F.3d at 1360.  ATC
28 has not demonstrated that with the Sprague publication, the outcome of the obviousness inquiry at

1  trial or in its post-trial motion would likely have been different.  ATC's motion for relief under
2  Rule 60(b)(2) is DENIED.

3  **B.     *Rule 60(b)(3)***

4         To prevail on a motion under Rule 60(b)(3), "the moving party must prove by clear and
5  convincing evidence that the verdict was obtained through fraud, misrepresentation, or other
6  misconduct and the conduct complained of prevented the losing party from fully and fairly
7  presenting the defense."  DeSaracho v. Custom Food Machinery, Inc., 206 F.3d 874, 880 (9th Cir.
8  2000).  "Misconduct" within the meaning of Rule 60(b)(3) "does not demand proof of nefarious
9  intent or purpose as a prerequisite to redress."  Jones v. Aero/Chem Corp., 921 F.2d 875, 879 (9th
10 Cir. 1990).  However, if the moving party fails to demonstrate that the opponent knowingly or
11 deliberately withheld evidence in discovery, he must demonstrate the nondisclosure "worked some
12 substantial interference with the full and fair preparation or presentation of the case."  Anderson v.
13 Cryovac, Inc., 862 F.2d 910, 926 (1st Cir. 1988).

14        ATC argues the Sprague article fell squarely within ATC's discovery requests for all prior
15 art or potential prior art to the '356 patent, as well as all documents relating to the analysis, design,
16 testing, operation, or use of multilayer capacitors of which anyone involved with the prosecution
17 of the '356 patent was aware.  After trial commenced, on December 5, 2009, Alan Devoe, one of
18 the named inventors and co-owner of Presidio, requested that a third party provide him with
19 information relating to capacitors, and also with articles authored by Dr. Dougherty.  In response,
20 on the following day, the third party provided Mr. Devoe with the Sprague publication.  Presidio
21 does not identify the third party from whom Mr. Devoe obtained the Sprague publication, and does
22 not indicate when or whether Mr. Devoe shared the Sprague publication with Presidio's counsel.

23        Upon review, the Court concludes Presidio's failure to disclose the Sprague publication did
24 not constitute misconduct, and did not deprive ATC of a full and fair opportunity to present its
25 defense.  The burden is upon the moving party to show, by clear and convincing evidence, that the
26 opposing party engaged in misconduct.  Here, notwithstanding the fact ATC knew of the Sprague
27 article in May of 2010 and inquired of Presidio in June of 2010 regarding the circumstances of its
28 discovery, ATC took no steps to secure additional discovery of information of misconduct before

filing its Rule 60 motion. Although ATC believes the Sprague publication conclusively demonstrates the invalidity of the '356 patent, as discussed above, the importance and relevance of the Sprague publication is not obvious. In light of the extensive prior art disclosed in discovery and presented at trial, the Sprague publication is not the type of "smoking gun" evidence which Mr. Devoe or Presidio's counsel would necessarily have concluded they needed to produce in discovery. ATC was not deprived of a full and fair opportunity to present its defense, and its motion for relief under Rule 60(b)(3) is DENIED.

### *Conclusion*

For the reasons set forth herein, ATC's motion for relief from judgment under Fed. R. Civ. P. 60(b)(2) and 60(b)(3) is DENIED.

**IT IS SO ORDERED**.

**DATED: October 26, 2010**

*[signature]*
**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**