# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRESIDIO COMPONENTS, INC.,<br><br>                         Plaintiff,<br>  vs.<br><br>AMERICAN TECHNICAL CERAMICS CORP.,<br><br>                         Defendant. | CASE NO. 08cv335-IEG(NLS)<br><br>Order on ATC's Motion to Re-Tax Costs [Doc. 405] |

      Defendant American Technical Ceramics Corp. ("ATC") moves the Court to re-tax costs pursuant to Fed. R. Civ. P. 54 and Civ. L.R. 54.1. The Court previously found the motion appropriate for submission on the papers and without oral argument, and the hearing date was vacated. For the reasons explained herein, ATC's motion is GRANTED IN PART AND DENIED IN PART.

### *Background*

      By order filed April 30, 2009, the Court found in favor of ATC on its counterclaim against Presidio under 35 U.S.C. § 292 for falsely marking the BB capacitors with the '356 patent after October 24, 2008. [Doc. No. 165, pp. 10-11.] The Court declined to determine the precise amount of the fine for which Presidio was liable under § 292 until the time of trial. [Id., p. 13.] In its August 5, 2010 order on the parties' post-trial motions, the Court set the amount of civil fine for which Presidio is liable based upon ATC's false marking counterclaim. [Doc. No. 348, p. 62.] In

the same order, the Court concluded Presidio was a "successful plaintiff" entitled to costs pursuant to 35 U.S.C. § 284 with regard to its claims against ATC. [Id., p. 58.]

Following additional post-trial motions, the Clerk entered final judgment on October 26, 2010. Both parties thereafter submitted a Bill of Costs. By order filed December 17, 2010, the Clerk taxed costs in favor of Presidio in the total amount of $50,745.51. [Doc. No. 404, p. 7.] The Clerk denied ATC's request for costs. [Id., p. 2.] ATC now moves the court to re-tax costs.

### *Timeliness of Motion*

Presidio first argues ATC's motion is untimely. The Clerk's order taxing costs was filed on December 17, 2010. Pursuant to Fed. R. Civ. P. 54, "on motion served within the next 7 days, the court may review the clerk's action" taxing costs. The seventh day for filing a motion to re-tax costs fell on Friday, December 24, 2010, a legal holiday in this Court. Therefore, ATC's time to file its motion to re-tax costs extended "until the end of the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(1)(C). ATC's motion, filed on Monday, December 27, 2010, was timely.

### *Discussion*

#### *1.   Is ATC Entitled to Costs on its False Marking Claim?*

ATC first challenges the Clerk's failure to tax costs against Presidio based upon ATC's false marking claim. Pursuant to 28 U.S.C. § 1918(a), "[c]osts shall be included in any judgment, order, or decree rendered against any person for the violation of an Act of Congress in which a civil fine or forfeiture of property is provided for." The Court found in favor of ATC, and against Presidio, on ATC's false marking claim under 35 U.S.C. § 292, a *qui tam* provision which is penal in nature. United States Gypsum Co. v. Pacific Award Metals, Inc., 438 F. Supp. 2d 1101, 1105 (N.D. Cal. 2006); Pequignot v. Solo Cup Co., 640 F. Supp. 2d 714, 724 (E.D. Va. 2009). That section provides for a fine of "not more than $500 for every such offense."

Notwithstanding the language of 28 U.S.C. § 1918(a), Presidio argues ATC is not entitled to costs on its false marking claim because ATC is not a "prevailing party" within the meaning of Fed. R. Civ. P. 54(d)(1). Presidio cites a number of cases discussing the determination of "prevailing party" status where parties are each awarded damages in connection with their

1  respective claims and counterclaims.  However, none of these cases cited by Presidio involve
2  claims or counterclaims "in which a civil fine ... is provided for" pursuant to 28 U.S.C. § 1918.
3  Upon review, the Court concludes ATC is entitled to costs under § 1918 because it obtained a
4  judgment against Presidio on its false marking claim under § 292.
5       ATC sought $26,077.35 in costs, representing $505.06 for service of process, $24,691.69
6  for deposition and trial transcripts, and $880.61 for witness fees. [Doc. No. 392.]  The Court will
7  address the availability of each of these categories of costs.
8       A.  <u>Service of Process</u>
9       Presidio objects that ATC requests fees for expedited service of process but did not obtain
10 a Court order for expedited service pursuant to Civ. L.R. 54.1(b)(1) ("Fees for expedited service
11 are allowable only if the Court ordered service to be effected on an expedited basis."). [Doc. No.
12 394, p. 3.]  Presidio also objects that the subpoenas were entirely unrelated to and unnecessary for
13 ATC's request for fines for false marking.
14      ATC provides no basis upon which the Court should award its costs for expedited service
15 of process, and the Court finds such cost not allowable pursuant to Local Rules.  In its bill of costs,
16 ATC did not break out the cost of expediting service, such that the Court cannot determine what
17 portion of the claimed cost is proper. Therefore, the Court will allow ATC $880.61 in costs for
18 witness fees associated with service of process, but denies ATC's request for the remaining
19 $505.06 for service of subpoenas.
20      B.  <u>Hearing and Trial Transcripts</u>
21      Presidio objects that the hearing and trial transcripts for which ATC seeks costs are
22 unrelated to ATC's claim for false marking. [Doc. 394, p. 4.]  Upon review, ATC either implicitly
23 or explicitly relied upon each of the hearing and trial proceedings in asking the Court to set the
24 amount of the fine under 35 U.S.C. § 292.  [Doc. Nos. 310-312.] Therefore the Court finds these
25 costs appropriate.
26      C.  <u>Deposition Transcripts</u>
27      Presidio objects that ATC seeks costs for both a stenographic and video copy of the
28 deposition transcripts for Alan and Lambert Devoe, Presidio, and Gunter Vorlop.  [Doc. No. 394,

pp. 5-6.] Pursuant to Civ. L.R. 54.1(b)(3)(b), "[i]f both video and stenographic depositions are taken, they both will be allowed as costs only if the video deposition is used at trial." Presidio concedes ATC played a brief portion of the video depositions of Alan Devoe and Mr. Vorlop at trial. Therefore the Court finds those costs allowable. However, the Court disallows the cost of the video depositions for Lambert Devoe and Presidio.

Presidio also objects that none of the depositions for which ATC seeks costs are relevant to ATC's request for fines for false marking. Upon review, ATC either implicitly or explicitly relied upon the testimony of these individuals with regard to its claim under 35 U.S.C. § 292. Therefore, the Court finds the stenographic costs appropriate.

### D.  Summary

In summary, the Court awards ATC the following costs:

| Category | Witness/Pages | Date | Requested | Permitted |
| --- | --- | --- | --- | --- |
| Witness Fees | | | $880.61 | $880.61 |
| Service of Process | | | $505.06 | -0- |
| Hearing/Trial Transcripts | | | $6,527.35 | $6,527.35 |
| Deposition Transcripts | A. Devoe | 11/18/2008 | $4,204.55 | $4,204.55 |
| | L. Devoe | 11/19/2009 | $3,798.10 | $1,687.10 |
| | Presidio | 1/25/2009 | $4,029.08 | $1,979.58 |
| | Vorlop | 1/6/2009 | $4,295.65 | $4,295.65 |
| | Dougherty | 3/5/2009 | $1,121.86 | $1,121.86 |
| | Kennedy | 2/27/2009 | $715.10 | $715.10 |
| Total | | | $26,077.36 | $21,411.80 |

*2.   Did the Clerk err in calculating costs recoverable by Presidio?*

ATC argues the Clerk erred in awarding Presidio costs for a number of items, each of which is addressed below. In its opposition, Presidio concedes there were $3,740.33 in costs (reflected in Appendix E to ATC's motion) which should not have been taxed by the Clerk. [Doc. No. 406, p. 11.]

### A.  Expedited transcripts and copies

Pursuant to the language of 28 U.S.C. § 1920, fees for transcripts and copies of materials

both may be taxed as costs if they were "necessarily obtained for use in the case." Likewise, courts consider whether a party seeking costs for expedited services has shown the faster service was "necessary." Maris Distributing Co. v. Anheuser-Busch, Inc., 302 F.3d 1207, 1226 (11th Cir. 2002) (noting that although costs for expedited trial transcripts should not be allowed as a matter of course, they may be permitted where necessary given the length and complexity of the case); Kalai v. Hawaii, 2009 Wl 2224428, *11 (D. Hawaii 2009) (disallowing cost for expedited deposition transcript where party failed to demonstrate the need for such service); Meier v. United States, 2009 WL 982129, *2 (N.D. Cal. 2009) (permitting cost for expedited deposition transcripts where they were necessary "in order to accommodate the tight deposition schedule plaintiff himself requested").

Presidio argues the expedited deposition transcripts were reasonable and necessary in this matter given the timing of the depositions compared to scheduled deadlines. Upon review, the Court agrees the expedited deposition transcripts appear reasonable and necessary in light of the overall schedule of discovery and other matters in this case. In addition, although the Court believes Presidio could have exercised greater discretion in planning for necessary copies and exhibits in advance of the *Markman* hearing and trial, the Court finds the expedited fees associated with those exhibits were necessary.

ATC also challenges the Clerk's allowance of certain costs included in lump-sum deposition invoices, as well as charges for items such as exhibit tabs, binders, and set up fees. Upon review of the disputed costs, the Court also concludes Presidio was entitled to the costs taxed by the Clerk.

ATC argues Presidio should not be permitted its costs for the depositions of Edward Godschalk and Stephen Beyel because it became clear during each of these depositions that the witnesses' testimony would not be used for trial preparation. Upon the Court's knowledge of the issues in this case, however, the Court believes Presidio reasonably could have believed each of the witnesses possessed knowledge which would be used for trial preparation, rather than mere discovery. Civ. L.R. 54.1(b)(3)(a).

B.  Copying and creation of electronic database

ATC argues the entire $9,125.14 invoice for copy charges for 22,000 pages of trial exhibits, at expedited rates, and the creation of an electronic database, were unnecessary and erroneously permitted as costs.  Although courtesy copies of exhibits for opposing counsel without request are ordinarily not taxable, Civ. L.R. 54.1(c)(4), the Court directed counsel to exchange copies of all exhibits they intended to use at trial. Given the Court's knowledge of the case, it is not unreasonable that Presidio waited until shortly before the trial to obtain court copies of all the exhibits it would be using for trial.

However, Presidio does not explain the necessity of the $2,270.52 cost for "Image Capture D-Heavy" or the $986.85 cost for "Color Imaging."  As the Court understands it, Presidio had the copy service create and save an electronic image of the original paper documents as they were being copied.  Presidio did not use these digital copies of the documents at trial for demonstrative or other purposes.  Pursuant to Civ. L.R. 54.1(b)(7)(e), the cost of preparing material for electronic retrievable is taxable only as to exhibits admitted in evidence. Therefore, the Court agrees these costs are not allowable.

C.  Larger than maximum enlargement costs

ATC argues the Clerk erroneously allowed Presidio $3,420.70 in costs for oversized enlargements. The rule cited by ATC, however, pertains to the costs of photographic enlargements.  Civ. L.R. 54.1(b)(7)(b). ATC also argues all of the oversize enlargements relate, at least in part, to the willful infringement issue, on which it did not prevail.  The Court rejects ATC's argument and concludes the Clerk properly taxed costs for enlargements.

D.  Summary

In sum, the Court disallows the $2,270.52 for "Image Capture D-Heavy" and $986.85 for "Color Imaging" previously taxed by the Clerk.  In addition, there were $3,740.33 in costs (reflected in Appendix E to ATC's motion) which should not have been taxed by the Clerk because Presidio conceded such costs were not recoverable.  Otherwise, the Court overrules ATC's objections to the Clerk's calculation of costs.

*Conclusion*

The Court GRANTS IN PART AND DENIES IN PART Defendant ATC's motion to re-tax costs. The Court GRANTS Defendant ATC's request that costs be taxed in its favor on the claim under 35 U.S.C. § 292, and directs the Clerk to tax costs in the total amount of $21,411.80 against Presidio. The Court GRANTS Defendant ATC's request to reduce the Clerk's determination of Presidio's costs by the total amount of $6,997.70. In all other respects, the ATC's motion is DENIED.

**IT IS SO ORDERED**.

**DATED:  February 17, 2011**

_____
**IRMA E. GONZALEZ, Chief Judge
United States District Court**